**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **ORLANDO SALVADOR URQUIZA DURAN,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-26-2009-G** |
| | ) | |
| **CHRIS GANTT, Warden,** | ) | |
| | ) | |
| **Respondent.** | ) | |

**REPORT AND RECOMMENDATION**

Petitioner Orlando Salvador Urquiza Duran, a noncitizen proceeding pro se, filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 ("Petition") challenging his detention by the U.S. Immigration and Customs Enforcement ("ICE"). Doc. 1. United States District Judge Charles B. Goodwin referred this matter to the undersigned Magistrate Judge in accordance with 28 U.S.C. § 636(b)(1)(B)-(C). Doc. 3. For the reasons set forth below, the undersigned recommends that the Court dismiss this action without prejudice due to Petitioner's failure either to pay the filing fee or to file a motion to proceed in forma pauperis.

## I. Discussion

Upon initial review, the Court determined that Petitioner had not paid the required $5.00 filing fee or, alternatively, filed a motion to proceed in forma pauperis. Doc. 4. On August 10, 2026, the Court ordered Petitioner to cure this deficiency not later than August 31, 2026, and warned that "failure to do so may result in dismissal of this action."

*Id.* (citation modified); *see also* LCvR3.2(b) (mandating payment of filing fee "or the matter may be subject to dismissal without prejudice").

The Court directed the Clerk of Court to send Petitioner the necessary form to comply with the Order. Doc. 4. The docket indicates via ECF Staff Notes that the Clerk of Court mailed the Order and form to Petitioner at Cimarron Correctional Facility, the address listed on his petition. *See* LCvR5.4 ("Papers sent by the court will be deemed delivered if sent to the last known address given to the court."); *accord* Fed. R. Civ. P. 5(b)(2)(C).

On August 24, 2026, the Court received back from Cimarron Correctional Facility the Order and form. Doc. 5. The returned mail was marked "Not at this address"; "RETURN TO SENDER"; "ATTEMPTED – NOT KNOWN"; "UNABLE TO FORWARD." *Id.* at 1. The Court's ECF system indicates Petitioner has not filed a notice of change of address in this matter. It is Petitioner's obligation to notify the Court of any new address. *See Theede v. U.S. Dep't of Labor*, 172 F.3d 1262, 1267 (10th Cir. 1999) ("The parties . . . bear the burden of filing notice of a change of address [and] [t]he fact that [the litigant] is acting pro se does not eliminate this burden."); LCvR5.4 (requiring a pro se litigant to notify the Court of any change of address). Further, Petitioner's location is not available on ICE's Online Detainee Locator System, at https://locator.ice.gov/odls/#/results (last visited Sept. 3, 2026).

Petitioner has failed to comply with the Order to pay his filing fee or to file a motion to proceed in forma pauperis. He has also failed to show good cause for his failure to comply or to request an extension of time in which to comply. Additionally, as it does not

appear Petitioner received the Order, it is unlikely that he will take any action to prevent dismissal of his action.

A court has the inherent authority to manage its own affairs, *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962), and it may dismiss an action if a litigant "fails to prosecute or to comply with [the rules of civil procedure] or a court order," Fed. R. Civ. P. 41(b). *See Link*, 370 U.S. at 630-31 (interpreting Rule 41(b) to permit courts to dismiss actions sua sponte). Petitioner's pro se status does not exempt him from following the rules. *See Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994) (explaining that pro se parties must "follow the same rules of procedure that govern other litigants" (citation modified)). A litigant's failure to comply with court orders leaves a court unable "to achieve the orderly and expeditious disposition of cases." *Link*, 370 U.S. at 631.

Petitioner's failure to comply with the Court's Order and rules, combined with the Court's inherent power to manage judicial resources, warrants dismissal of this action without prejudice. *See U.S. ex rel. Jimenez v. Health Net, Inc.*, 400 F.3d 853, 855 (10th Cir. 2005) ("[D]ismissal is an appropriate disposition against a party who disregards court orders and fails to proceed as required by court rules.").

## II. Recommendation and Notice of Right to Object

For the foregoing reasons, the undersigned recommends that the Court **DISMISS** this action without prejudice. Petitioner is advised of his right to object to this Report and Recommendation. *See* 28 U.S.C. § 636. Any objection must be filed with the Clerk of Court by **September 17, 2026**. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). Failure to object timely waives the right to appellate review of the factual and legal issues

addressed in this Report and Recommendation. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in this matter.

**ENTERED** this 3rd day of September, 2026.

Chris M. Stephens
CHRIS M. STEPHENS
UNITED STATES MAGISTRATE JUDGE